IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HUSSAM A. AHRESHIEN,<br><br>    Petitioner,<br><br>vs.<br><br>WARDEN TOM WATSON,<br><br>    Respondent. | CASE NO. 3:22-cv-1303<br><br>DISTRICT JUDGE<br>JAMES R. KNEPP II<br><br>MAGISTRATE JUDGE<br>JAMES E. GRIMES JR.<br><br>**REPORT & RECOMMENDATION** |

In July 2022, pro se Petitioner Hussam A. Ahreshien filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Doc. 1. The same day, Ahreshien filed a "Motion for stay in abeyance of habeas corpus petition." Doc. 5. In his motion, Ahreshien argues that his petition is a "mixed petition" because it contains exhausted and unexhausted grounds for relief. *Id*. at 2. He asks that the Court stay this case while he exhausts his unexhausted claims in state court. *Id*. at 3.

Then, in September 2022, Ahreshien filed a "Motion for immediate consideration" of his July Motion to stay and requested the same relief.[1] Doc. 8. Respondent Warden Tom Watson filed a Response to Ahreshien's Motion. Doc. 11. Watson agrees that Ahreshien's Petition is a *mixed petition* and does not oppose Ahreshien's Motion to stay. *Id*.

---

[1]     This case was assigned to me in October 2022. *See Order*, Oct. 3, 2022.

This matter has been referred to a Magistrate Judge under Local Rule 72.2 for the preparation of a Report and Recommendation. For the reasons explained below, I recommend that the Court grant Ahreshien's motions to stay.

Generally, to obtain federal habeas review, petitioners must exhaust their claims in state court first. 28 U.S.C. § 2254(b)(1)(A). But a district court may stay a federal habeas case when the petitioner files a *mixed petition*—a petition containing exhausted and unexhausted claims—to allow the petitioner to exhaust the unexhausted claims in state court. *Rhines v. Weber*, 544 U.S. 269 (2005). A stay is only appropriate when the petitioner shows "good cause" for failing to exhaust the claims in state court. *Id.* at 277. And even if a petitioner shows *good cause*, the district court may not grant a stay when the unexhausted claims are "plainly meritless" or the petitioner engaged in "dilatory litigation tactics." *Id.* at 277–78.

Here, the parties agree that Ahreshien's petition contains exhausted and unexhausted claims. Doc. 5; Doc. 9, at 2–3. Ahreshien asserts that he is still pursuing claims that the Ohio court of appeals rejected in his Ohio Appellate Rule 26(B) Application for Reopening. Doc. 5, at 5; Doc. 8, at 4–5. Ahreshien also states that he is seeking review of the Ohio court of appeals' rejection of his state post-conviction petition. Doc. 8, at 4. In Ground 4 of Ahreshien's petition, Ahreshien alleges an ineffective assistance of trial counsel claim for failing to call exculpatory witnesses. Doc. 1-1, at 2, 22.

Ahreshien raised that claim in his state post-conviction petition, *State v. Ahreshien*, No. L-21-1243, 2022 WL 3335660, at *4 (Ohio Ct. App. Aug. 12, 2022), and he is pursuing an appeal to the Ohio Supreme Court. So Ground 4 is unexhausted. Ahreshien's ineffective assistance of appellate counsel claims, Doc. 1-1, at 2, are also unexhausted. And Ground 7, in which Ahreshien alleges that his constitutional rights were violated when the trial court conducted a hearing outside Ahreshien's presence, Doc. 1-1, at 1, 53, was litigated on direct review and is exhausted. *See State v. Ahreshien*, No. L-19-1184, 2021 WL 1331015, at *4–5 (Ohio Ct. App. April 9, 2021); *State v. Ahreshien*, No. 2021-0663, 170 N.E.3d 898 (Table) (Ohio July 20, 2021). So Ahreshien's Petition contains unexhausted and exhausted claims and is a *mixed petition*.

Ahreshien argues that he has *good cause* for failing to exhaust his claims in state court. He asserts that his appeal of the Ohio court of appeals' decision denying his Rule 26(B) Application was delayed because he wasn't served with that court's order. Doc. 5, at 5. And he is in the process of appealing the Ohio court of appeals' rejection of his post-conviction petition. Doc. 8, at 4. The Warden doesn't dispute Ahreshien's *good cause* argument.

At this initial stage, Ahreshien has shown *good cause* for not exhausting his claims in state court. It does not appear that Ahreshien has engaged in *dilatory litigation tactics*. *Rhines*, 544 U.S. at 277. And while the Warden believes that Ahreshien's claims are *plainly meritless*, Doc. 9, at 3, the Warden also submits that he "may likely wish to rely upon the state court's

determination of any procedural and/or state law defenses in this case." Doc. 9, at 3. Indeed, the claims that Ahreshien raised in his post-conviction petition were rejected on procedural grounds. *See Ahreshien*, 2022 WL 3335660, at *7. Whether the Ohio Supreme Court agrees with that finding is relevant to this Court's full consideration of the grounds for relief in Ahreshien's habeas petition.

So I recommend that the Court grant Ahreshien's motions to stay, Docs. 5 & 8, and administratively stay and terminate this case on the Court's active docket pending Ahreshien's exhaustion of state court remedies. The stay should be conditioned on Ahreshien's filing a motion to reinstate this case on the Court's active docket within 30 days after he fully exhausts those state court remedies. If and when Ahreshien's case is reinstated, a new briefing order will issue.

Dated: November 28, 2022

    */s/ James E. Grimes Jr.*
James E. Grimes Jr.
U.S. Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530-531 (6th Cir. 2019).