IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**HUSSAM AHRESHIEN,**            CASE NO. 3:22 CV 1303

    Petitioner,

    v.                                       JUDGE JAMES R. KNEPP II

**WARDEN TOM WATSON,**

                                             **MEMORANDUM OPINION AND**
    Respondent.                          **ORDER**

This matter is before the Court on Magistrate Judge James E. Grimes Jr.'s Report and Recommendation ("R&R") to grant Petitioner Hussam Ahreshien's Motions to Stay (Doc. 5, 8), and administratively stay and terminate this case on the Court's active docket pending Petitioner's exhaustion of state court remedies. (Doc. 13).

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(2). The failure to file timely written objections to a Magistrate Judge's R&R constitutes a waiver of *de novo* review by the district court of any issues covered in the R&R. *Thomas v. Arn*, 728 F.2d 813, 814-15 (6th Cir. 1984); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

In this case, the R&R was issued on November 28, 2022, and it is now December 20, 2022. Neither party has filed objections to the R&R or requested an extension of time to file them.

Despite the lack of objections, the Court has reviewed Judge Grimes's R&R and agrees with the findings and recommendation therein.

Therefore, the Court ADOPTS Judge Grimes's R&R (Doc. 13) as the Order of this Court and GRANTS Petitioner's Motions to Stay (Docs. 5, 8), as set forth therein. This matter is administratively stayed and terminated from the Court's active docket, pending Petitioner's exhaustion of state court remedies. Petitioner must file a motion to reinstate this case on the Court's active docket within 30 days after fully exhausting those state court remedies.

IT IS SO ORDERED.

      s/ *James R. Knepp II*
      UNITED STATES DISTRICT JUDGE