## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**HUSSAM A. AHRESHIEN,**              CASE NO. 3:22 CV 1303

     Petitioner,

     v.                                    JUDGE JAMES R. KNEPP II

**WARDEN TOM WATSON,**

     Respondent.                 **MEMORANDUM OPINION AND**
                                        **ORDER**


Petitioner Hussam A. Ahreshien ("Petitioner"), a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1).[1] This case was referred to Magistrate Judge James E. Grimes, Jr. for a Report and Recommendation ("R&R") regarding the Petition under Local Civil Rule 72.2(b)(2). On June 14, 2024, Judge Grimes issued an R&R recommending the Petition be dismissed in part and denied in part. (Doc. 42). Following two extensions of time, on August 29, 2024, Petitioner filed objections to the R&R. (Doc. 47).[2]

---

1. Petitioner later moved for leave to amend his Petition. (Doc. 33). Therein, among other things, he moved to add two additional claims (what became Grounds Eleven and Twelve) and eliminate one claim (Ground Six). Judge Grimes granted that motion in part, allowing the addition of Grounds Eleven and Twelve and to eliminate Ground Six; he denied it as to Petitioner's request to supplement or amend his other previous claims. (Doc. 35).

2. Petitioner subsequently submitted two supplemental filings to the Court seeking to ensure all 61 pages of his Objections were served on Respondent. (Docs. 51, 52). The Court confirms that it received all 61 pages, and Respondent – by virtue of electronic filing – was also served with all 61 pages. Eight months later, the Court received an additional 166 page filing from Petitioner, entitled "Petitioner Ahreshien's Affidavit." (Doc. 54). The R&R expressly cautioned Petitioner regarding the timeframe for objections (Doc. 42, at 49), and Petitioner requested and received two extensions of time in which to file them. This new filing is untimely. Moreover, neither the relevant statute (28 U.S.C. § 636) nor the relevant rule (Fed. R. Civ. P. 72(b)) contemplate multiple objections. The Court therefore finds Petitioner's Affidavit and attachments not properly-filed objections and untimely, and declines to address them.

The Court has jurisdiction over the Petition under 28 U.S.C. § 2254(a). For the reasons set forth below, the Court overrules Petitioner's objections, adopts the R&R, and denies Petitioner's habeas Petition.

BACKGROUND

This habeas case, filed in July 2022, stems from Petitioner's Ohio state court convictions on charges of abduction, domestic violence, and rape. *State v. Ahreshien*, 2021 WL 1331015, at *1-3 (Ohio Ct. App.).

In his R&R, Judge Grimes recommends the Court find Ground Seven procedurally defaulted; Grounds Eleven and Twelve meritless; Grounds Two, Four, and Five procedurally defaulted; Ground Three procedurally defaulted; Ground One partially procedurally defaulted and partially meritless; Ground Six withdrawn by Petitioner; Ground Eight procedurally defaulted; Ground Nine meritless; and Ground Ten both procedurally defaulted and non-cognizable. (Doc. 42, at 21-49).[3]

STANDARD OF REVIEW

When a party objects to the Magistrate Judge's R&R, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

This Court adopts all uncontested findings and conclusions from the R&R and reviews *de novo* those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); *Hill v. Duriron Co.*, 656 F.2d 1208, 1213-14 (6th Cir. 1981). To trigger *de novo* review, objections must be specific, not "vague, general, or conclusory." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th

---

3. For clarity, the Court summarizes Petitioner's grounds for relief in the same order as the R&R.

2

Cir. 2001). This specific-objection requirement is meant to direct this Court to "specific issues for review." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). General objections, by contrast, ask this Court to review the entire matter *de novo*, "making the initial reference to the magistrate useless." *Id.*

"A general objection, or one that merely restates the arguments previously presented and addressed by the Magistrate Judge, does not sufficiently identify alleged errors in the [R&R]" to trigger *de novo* review. *Fondren v. Am. Home Shield Corp.*, 2018 WL 3414322, at *2 (W.D. Tenn. 2018); *see also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). General objections trigger only clear-error review. *Equal Emp. Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017), *aff'd*, 899 F.3d 428 (6th Cir. 2018).

## DISCUSSION

Petitioner filed a 61-page Objection to the R&R. (Doc. 47). He has additionally filed Motions to Stay (Doc. 48), to Supplement the Record Pursuant to Rule 5(c) of the Rules Governing Section 2254 Cases (Doc. 49), and for leave to exceed page limitations in relation to an attached Motion for Appointment of Counsel (Doc. 53). Below, the Court first addresses Petitioner's additional motions, and then addresses Petitioner's specific objections in the order in which he presents them.

Motion to Stay

In a filing dated September 3, 2024, Petitioner notified the Court he might be transferred to a different prison, and was likely to be in segregation and possibly unable to receive mail for

3

some period of time. (Doc. 48). He asked the Court to "put any potential pleading that must be taken by [him] on hold until he is in another prison in the interest of justice." *Id.* at 4. Petitioner's motion is denied as moot, as Petitioner has filed his objection (and supplements thereto) and no other filings are necessary to decide the instant case.

<u>Motion to Supplement the Record / Actual Innocence</u>

Citing Rule 5(c) of the Rules Governing Section 2254 Cases in the United States District Courts, Petitioner asks the Court "for an order to the Respondent to furnish a copy of the 'flash/thumb drive' that consists of an exculpatory evidence of '(16) videos, (40) photographs and text messages' of the state's chief witness, which the [state] asserted in its motions in limine and at the pretrial hearing of April 16, 2019 that it has in its possession." (Doc. 49, at 1).

Rule 5(c) provides:

(c) Contents: Transcripts. The answer must also indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed. The respondent must attach to the answer parts of the transcript that the respondent considers relevant. The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished. If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence.

At the outset, the Court notes that Petitioner does not ask for transcripts of proceedings nor assert that any transcripts are missing from the record. Second, discovery is not warranted because, as discussed herein, Petitioner's claims related to the cited evidence are procedurally defaulted. Discovery on procedurally defaulted claims, for which there is no excuse to overcome that bar, would be futile and there would be no good cause to pursue it. *See Williams v. Bagley*, 380 F.3d 932, 974-76 (6th Cir. 2004) (holding that the district court did not abuse its discretion in denying discovery requests where the habeas petitioner had procedurally defaulted the claim, and stating "Rule 6 embodies the principle that a court must provide discovery in a habeas proceeding only

4

'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'") (quoting *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997)); Rule 6 of the Rules Governing Section 2254 Cases in Section 2254 Cases in the United States District Courts (permitting a petitioner to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise); *Werber v. Milligan*, 2012 WL 1458103, *23 (N.D. Ohio) (discovery seeking to develop new evidence as to defaulted claims would be futile).

Motion for Appointment of Counsel

Four months after he filed his objections, Petitioner also filed a Motion for Leave to Exceed Page Limitations (Doc. 53) regarding a Motion for Appointment of Counsel (Doc. 53-1). The Court notes that Plaintiff began this case *pro se*, then had counsel for some period of time, then he later elected to proceed *pro se* and counsel withdrew. *See* Doc. 32. Petitioner's motion for counsel further argues the procedural and substantive history of his case. *See* Doc. 53-1.

There is no constitutional right to counsel in a federal habeas corpus proceeding. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). Pursuant to 18 U.S.C. § 3006A, the Court may permit the appointment of counsel for any financially eligible person seeking relief under 28 U.S.C. § 2254 if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *See Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994); Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts.

5

No evidentiary hearing is required in the instant case and Petitioner has demonstrated an ability to clearly set forth the factual and legal basis for his claims. Moreover, at the time Petitioner's motion was filed, briefing was already complete. As such, the Court denies Petitioner's motion for leave to exceed page limitations and denies the underlying request for appointment of counsel.

The Court therefore turns to Petitioner's objections. (Doc. 47).

Ground Seven

In Ground Seven, Petitioner argued he was denied his Sixth Amendment right to be present during a critical stage of the trial. (Doc. 1-1, at 53-59). Petitioner objects to the Magistrate Judge's conclusion that because the Ohio appellate court applied plain error review to this claim, it is procedurally defaulted. (Doc. 47, at 9-15). Petitioner contends his case is an exceptional one where the Ohio contemporaneous objection rule is inadequate and that "he had no knowledge and [was] unaware that the trial court held the pretrial hearing of June 11, 2019 in his absence[.]" *Id.* at 13. Petitioner thus appears to allege he should not be held responsible for his counsel's failure to object to this claim. On *de novo* review, the Court, however, agrees with the analysis in the R&R that (1) the claim is procedurally defaulted for failure to contemporaneously object and because the state appellate court thus applied plain error review to it (and that such a rule is adequate in the circumstances presented); and (2) Petitioner's related ineffective assistance of trial counsel claim lacks merit and thus cannot excuse the default. *See* Doc. 42, at 21-28.

Petitioner's objection as to Ground Seven is overruled.

Grounds Eleven and Twelve

In Grounds Eleven and Twelve, Petitioner raised two ineffective assistance of trial counsel claims. (Doc. 33-1, at 19-43, 47-51). In Ground Eleven, he alleged trial counsel was ineffective

6

for "opening the door" to evidence of prior bad acts, and in Ground Twelve, he alleged trial counsel was ineffective for failing to request that he attend a pre-trial hearing on June 11, 2019, (the hearing that is the subject of Ground Seven, above). *See id.* Petitioner objects to the Magistrate Judge's recommendation that the Court find these grounds fail on the merits. (Doc. 47, at 19-27).

As the Supreme Court repeatedly has recognized, when a federal court reviews a state court's application of *Strickland* under § 2254(d), the deferential standard of *Strickland* is "doubly" deferential. *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citing *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)). Scrutiny of counsel's performance is "highly deferential", per *Strickland*, to avoid the temptation to second guess a strategy after-the-fact and to "eliminate the distorting effects of hindsight[.]" *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Scrutiny of the state court's scrutiny of counsel's performance must also be deferential, per 28 U.S.C. § 2254(d). In light of that double deference, the question before the habeas court is "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105; *Jackson v. Houk*, 687 F.3d 723, 740-41 (6th Cir. 2012) (stating that the "Supreme Court has recently again underlined the difficulty of prevailing on a *Strickland* claim in the context of habeas and AEDPA") (citing *Harrington*, 562 U.S. at 102)).

As to both of these grounds, Petitioner simply reargues the merits. But both grounds were addressed by the Ohio appellate court and despite Petitioner's detailed factual arguments, he has not shown that there is no reasonable argument that counsel's performance satisfied *Strickland*'s deferential standard. *See Walker v. Morrow*, 458 F. App'x 475, 483 (6th Cir. 2012) ("[I]f a federal court believes a state court was incorrect in deciding a petitioner's *Strickland* claim, it may only grant relief after determining that no reasonable argument supports the state court's disposition.").

On *de novo* review, the Court adopts the R&R's analysis finding Grounds Eleven and Twelve fail on the merits. Petitioner's objection is overruled.

Grounds Two, Four, and Five

In Grounds Two, Four, and Five, Petitioner raised ineffective assistance of trial counsel claims. (Doc. 1-1, at 11-16, 22-44). These claims are based on counsel's alleged failure to gather impeaching medical record evidence, call exculpatory witnesses, and enter exculpatory and impeaching evidence into the record at trial. *See id.*

Petitioner raised these claims in a petition for post-conviction relief. The trial court denied his petition as untimely, and the Ohio appellate court affirmed that determination. The Magistrate Judge recommends the Court find these claims procedurally defaulted and that Petitioner has not shown cause and prejudice to overcome the default. (Doc. 42, at 36-38).

Petitioner objects. He contends "his trial counsel's performance with regards to these three grounds constitute cause or prejudice to excuse the default." (Doc. 47, at 29). That is, he seemingly argues the ineffectiveness of trial counsel itself excuses the default. This is incorrect. And, as the Magistrate Judge aptly noted, "as the Ohio court of appeals observed, the time that Ahreshien obtained the evidence is not the same as the time that Ahreshien knew or should have known the evidence existed." (Doc. 42, at 37); *see also id.* at 37 n.9 ("For the same reasons, Ahreshien's claim that counsels' alleged ineffectiveness at trial constitutes cause to excuse his procedural default . . . fails."). That is, Petitioner cannot use the alleged ineffectiveness of trial counsel for failure to introduce certain evidence as the *cause* of his failure to timely file a post-conviction petition addressing evidence the record reflects he was aware of sooner. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986) ("[T]he existence of cause for a procedural default must ordinarily turn on whether

the prisoner can show that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule.").

Petitioner further cites his lack of knowledge of the law, lack of knowledge of state court procedures, status as a non-English speaker, and reliance on a "jailhouse lawyer" in preparing his state post-conviction petition. (Doc. 47, at 30). But these are not  sufficient bases for cause to overcome a procedural default. *See Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (holding ignorance of the law and procedural requirements is insufficient to establish cause to excuse procedural default). Petitioner also attempts to invoke the actual innocence exception to procedural default. The Court addresses Petitioner's actual innocence claim separately below.

Petitioner contends that "Ground Five in the original habeas petition does not address the trial counsel's ineffectiveness, but it addressed [a] *Brady* claim, which involves the prosecution's duty to have knowledge about the evidence in the hands of police." (Doc. 47, at 33). Thus, he appears to contend the Magistrate Judge misconstrued his claim. But Ground Five is entitled "Sixth Amendment violation of the effective assistance of counsel occurred when trial counsel failed to enter exculpatory impeaching text messages into the record" and is argued as a Sixth Amendment claim. (Doc. 1-1, at 28). And this too is how it was presented to and addressed by the state courts. Further, the Magistrate Judge did address the substance of this argument in denying in part Petitioner's motion for leave to amend. *See* Doc. 35, at 5-9. In so doing, he accurately explained how Petitioner's proposed *Brady* claim was not included in the original Petition, is time-barred, does not relate back to the original Petition, and was not presented to the state courts. *See id.* The Court adopts this analysis in full.

The Court therefore overrules Petitioner's objections related to Grounds Two, Four, and Five, and finds these grounds procedurally defaulted.

<u>Ground One</u>

In Ground One, Petitioner argues he was denied his Sixth and Fourteenth Amendment rights when the Ohio appellate court unreasonably applied *Strickland*. (Doc. 1-1, at 7-11). The Magistrate Judge found that this claim was repetitive of the ineffective assistance claims raised in Grounds Four and Five and procedurally defaulted for the same reasons as those grounds. (Doc. 42, at 40). The Court agrees.

The Magistrate Judge further found that any claim related to the "thumb drive" is procedurally defaulted because it was raised only in Petitioner's untimely post-conviction petition to the state court. *Id.* at 41. Petitioner objects, contending "the Magistrate has overlooked this claim and misconstrue[d] the record before the Court[.]" (Doc. 47, at 50). Specifically, he objects to the R&R's determination that "no thumb drive was mentioned at any of the pretrial hearings, including the April 16 and 22 hearings." (Doc. 42, at 40) (citing Doc. 24-1, at 18-65). Petitioner seems to argue that the *evidence* discussed during those hearings is the evidence which he contends is on the at-issue "flash drive". But any such distinction is not a legally relevant one. Whether or not the flash drive was discussed at these hearings is not determinative of the analysis here. Moreover, Petitioner seemingly admits his counsel had the contents of the at-issue thumb drive, but contends it was not shared with him. *See* Doc. 47, at 53 ("[H]is trial counsel did not and never exposed him to any of the evidence [on the thumb drive].").

As best the Court can tell from Petitioner's many filings, Petitioner asserts this flash drive contained pictures, videos, and text messages from the victim's cell phone and argues counsel was ineffective for failing to use this evidence to impeach the victim and that the evidence would show the victim fabricated her allegations against Petitioner to maintain an ongoing extramarital affair. *See, e.g.*, Doc. 47, at 58 (describing text messages, videos, and photos between the victim and "her

10

paramour"). But again, as the R&R accurately states, this claim was raised in Petitioner's post-conviction petition. *See State v. Ahreshien*, 2022 WL 3335660, at *4 (Ohio Ct. App.) ("As with his direct appeal, appellant argued that the above testimony and evidence would have supported Appellant's theory of the case that [the victim] was having an affair outside of her marriage to Appellant and that she fabricated allegations to have Appellant arrested so that she could maintain her illicit relationship without interference from Appellant.") (internal quotation omitted). Indeed, Petitioner attached some of the purported messages to his post-conviction petition. *See* Doc. 23-1, at 230-53.

The state court deemed the post-conviction petition untimely, and this claim is thus procedurally defaulted.

The Court therefore overrules Petitioner's objections as to Ground One and adopts the R&R's determination that this ground is procedurally defaulted.

Ground Eight

In Ground Eight, Petitioner contends his appellate counsel was ineffective for failing to articulate how Petitioner was prejudiced by the use of other acts evidence at trial. (Doc. 1-1, at 60-63). The R&R recommends the Court find this ground procedurally defaulted. (Doc. 42, at 41-42). Specifically, it notes that Petitioner's Rule 26(B) application, in which he raised this issue, was deemed untimely by the state court and he "hasn't alleged cause to excuse this procedural default." *Id.* at 42 (citing Doc. 33-1 at 185-88). In his objections, Petitioner "directs the Court's attention to the filing of his proof [presumably of cause to excuse the default] in the state regarding [his] 26(B) application to reopen the appeal." (Doc. 47, at 57). He contends the delay in filing his 26(B) application was caused by the prison mail room. *Id.*

11

The Court need not delve too deeply into this dispute, because even if Petitioner could show cause and prejudice to overcome the default of Ground Eight, the state court's alternative merits analysis of the claim is not an unreasonable application of *Strickland* under the doubly deferential standard set forth above. Specifically, as to this claim, the state appellate court found:

> As we found in appellant's direct appeal, the "fleeting reference to an uncharged claim of domestic violence [by appellant against his wife] while [the two lived] in Texas was cumulative of other, more detailed and relevant evidence of appellant's brutal treatment of his wife after she rejoined the family in Ohio in 2017." Thus, appellant cannot show a reasonable probability that, if his appellate counsel had raised the argument put forth by appellant, then his appeal would have been successful. Absent such a showing, his proposed assignment of error must be denied.

(Ex. 39, Doc. 23-2, at 308) (quoting *Ahreshien*, 2021 WL 1331015, at *7). As such, even if Petitioner could overcome the default, the Court would deny the claim on the merits.

Ground Nine

In Ground Nine, Petitioner challenges the sufficiency of the evidence. (Doc. 1-1, at 63-66). The R&R recommends the Court find this ground fails on the merits. (Doc. 42, at 42-47). Petitioner objects, asserting the state's chief witness's testimony "is circumstantial", "was not corroborated by any evidence", and other evidence that would have corroborated his defense was not presented to the jury. (Doc. 47, at 58).

Petitioner's argument that this Court should consider evidence *not* presented at trial is without merit, as in applying *Jackson v. Virginia*, 443 U.S. 307 (1979), this Court must limit itself to evidence adduced during trial; a "sufficiency of the evidence review authorized by *Jackson* is limited to 'record evidence'" and "does not extend to nonrecord evidence, including newly discovered evidence." *Herrera v. Collins*, 506 U.S. 390, 402 (1993) (citing *Jackson*, 443 U.S. at 318); *see also Group v. Robinson*, 158 F. Supp. 3d 632, 665 (N.D. Ohio 2016) (habeas review of sufficiency of the evidence claims is "limit[ed] . . . to evidence adduced during trial"); *cf. United*

12

*States v. Garcia*, 758 F.3d 714, 721 (6th Cir. 2014) ("[W]e are confined to weighing the sufficiency of the evidence the government presented to the jury; we may not consider the potential magnitude of the evidence not presented.").

And despite Petitioner's challenges to the testimony and evidence presented, the R&R correctly identifies that "the testimony of the victim alone is constitutionally sufficient to sustain a conviction." (Doc. 42, at 47) (quoting *Tucker v. Palmer*, 541 F.3d 652, 658 (6th Cir. 2008)). Upon *de novo* review, the Court adopts the Magistrate Judge's recommendation as to Ground Nine; this Ground is denied on the merits.

Ground Ten

In Ground Ten, Petitioner argues his due process rights were violated when the state took inconsistent positions on whether his ineffective assistance of counsel claims were based on evidence within or outside the record on direct appeal and in post-conviction proceedings. (Doc. 1-1, at 66-71). The R&R recommends the Court find this claim procedurally defaulted and not cognizable. (Doc. 42, at 47-49). Petitioner objects, stating the Magistrate Judge's conclusion that he "didn't raise this as a proposition of law in his brief to the Ohio Supreme Court" is incorrect "because he had raised such a claim." (Doc. 47, at 59). Petitioner says he "raised this claim in arguing the appellate court's failure to decide each assignment of error pursuant to Ohio Appellate Rule 12." *Id.* (citing Doc. 23-2, at 130). Here, to the Ohio Appellate Court, Petitioner presented the judicial estoppel/inconsistent position issue. (Doc. 23-2, at 12). In his objection to this Court, Petitioner identifies a claim of error he raised to the Ohio Supreme Court entitled: "An appellate court abuses its discretion when it fail[]s to decide each assignment of error pursuant to Ohio Appellate Rule 12." (Doc. 23-2, at 130). But the fair presentment requirement requires Petitioner to present the *same* claim at all levels of review. *Caver v. Straub*, 349 F.3d 340, 346 (6th Cir. 2003)

13

("Fair presentation of an issue requires that a petitioner give state courts a full opportunity to resolve any constitutional issues by invoking 'one *complete* round' of the state's appellate review system.") (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999) (emphasis added)). "Fair presentation also requires that 'the same claim under the same theory be presented' for the state court's consideration." *Id.* at 346 (quoting *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)). Arguing to the Ohio Supreme Court that the Ohio Appellate Court abused its discretion by not addressing that issue is not "the same claim under the same theory[.]" *Id.* (quoting *Pillette*, 824 F.2d at 497).

Second, the Court agrees with the R&R's conclusion that Petitioner has not demonstrated that he is in custody *as a result* of any alleged judicial estoppel violation. 28 U.S.C. § 2254(a) (stating that habeas relief is only available for one "in custody in violation of the Constitution or laws or treaties of the United States"). Here, the Ohio appellate court only affirmed the trial court's denial of Petitioner's post-conviction petition on grounds that it was untimely. *Ahreshien*, 2022 WL 3335660, at *6. It expressly did not affirm the trial court on *res judicata* grounds, the ground to which Petitioner's judicial estoppel claim speaks. *See id.* at *5 ("In his first, second, and third assignments of error, appellant raises arguments pertaining to the trial court's findings that his claims were barred by res judicata. . . . Upon review, we find appellant's arguments within his first, second, and third assignments of error to be inapposite."). The Court therefore overrules Petitioner's objection and adopts the R&R's conclusion as to Ground Ten as its own.

Actual Innocence

Petitioner makes multiple references to "actual innocence" as a basis to excuse the procedural default of various claims. *See, e.g.*, Doc. 47, at 29, 35, 42, 46, 47, 49, 50, 60. In so doing, he relies on the evidence he asserts is on the "thumb drive". The Magistrate Judge

considered and rejected Petitioner's actual innocence claim, observing that he had not presented "new reliable evidence." *See* Doc. 42, at 26-28. The Court agrees.

A federal habeas court may hear a defaulted constitutional claim where cause and prejudice cannot be shown if the petitioner shows that his conviction is the result of a fundamental miscarriage of justice. A fundamental miscarriage of justice is the conviction of one who is "actually innocent." *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray*, 477 U.S. at 496. Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A petitioner must show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in the light of the new evidence. *Id.*

First, it is questionable whether the evidence to which Petitioner attempts to point is new. Indeed, in his argument, he points to various places in the state court record where the at-issue thumb drive and its contents were discussed. But the Sixth Circuit has not definitively determined what "new" means in this context. *See Houston v. Davis*, 2025 WL 590895, at *3 (6th Cir.) (summarizing cases and acknowledging lack of clarity in Sixth Circuit caselaw about whether "'new' evidence needs to be newly discovered—i.e., not available at the time of trial—or merely newly presented").

Second, the evidence to which Petitioner points is, at core, impeachment evidence. He contends evidence on the thumb drive, consisting of pictures, videos, and text messages from the victim's cell phone would support his claim that the witness fabricated the allegations against him.

But even if the Court were to accept as true Petitioner's claims and assume he has presented new *reliable* evidence (he has not), the evidence is not evidence of innocence. Impeachment evidence alone "will seldom, if ever," establish actual innocence. *Sawyer v. Whitley*, 505 U.S. 333, 349 (1992); *Calderon v. Thompson*, 523 U.S. 538, 563 (1998) (newly discovered impeachment evidence, which is "a step removed from evidence pertaining to the crime itself," "provides no basis for finding" actual innocence); *In re Whittaker*, 2018 U.S. App. LEXIS 4804, at *3 (6th Cir.) ("Even assuming that he could not have discovered the proffered evidence sooner, we have held that new impeachment evidence does not of itself provide proof of actual innocence.") (citing *In re Byrd*, 269 F.3d 561, 577 (6th Cir. 2001)); *In re Elliott*, 2017 U.S. App. LEXIS 22314, at *4 (6th Cir.) ("Even if we were to accept as true Elliot's allegation that the prosecution did not disclose Hendrix's use as an informant, that fact would only impeach Hendrix and would not establish Elliot's actual innocence. We have held that new impeachment evidence does not provide proof of actual innocence.") (citing *In re Byrd*, 269 F.3d at 577). Because Petitioner has not presented new, reliable evidence of innocence, he cannot use the "actual innocence" gateway to overcome the procedural default of any of his claims.

In conclusion, the Court has carefully reviewed, *de novo*, the portions of the Magistrate Judge's R&R to which Petitioner objects. And the Court finds the R&R comprehensively and correctly analyzed Petitioner's habeas claims.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Judge Grimes's R&R (Doc. 42) be, and the same hereby is, ADOPTED as the Order of this Court as supplemented herein, and the Petition (Doc. 1, as amended by Doc. 33) is DENIED as set forth therein and herein; and it is

FURTHER ORDERED that Petitioner's Motion to Stay (Doc. 48) be, and the same hereby is, DENIED as moot; and it is

FURTHER ORDERED that Petitioner's Motion to Supplement the Record (Doc. 49) be, and the same hereby is DENIED; and it is

FURTHER ORDERED that Petitioner's Motion for Leave to Exceed Page Limitations (Doc. 53) be, and the same hereby is DENIED, and Petitioner's related Motion for Appointment of Counsel (Doc. 53-1) be, and the same hereby is, DENIED.

FURTHER ORDERED that, because Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, no certificate of appealability shall issue. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Rule 11 of Rules Governing § 2254 Cases. And the Court

FURTHER CERTIFIES that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).


 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: May 9, 2025