### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

**HUSSAM A. AHRESHIEN,**

    Petitioner,

    v.

**WARDEN TOM WATSON,**

    Respondent.

CASE NO. 3:22 CV 1303

JUDGE JAMES R. KNEPP II

**MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

Currently pending before the Court in this 28 U.S.C. § 2254 habeas case is *pro se* Petitioner Hussam A. Ahreshien's Motion for Reconsideration of this Court's May 9, 2025 Memorandum Opinion and Order (Doc. 55) adopting Magistrate Judge James E. Grimes, Jr.'s Report and Recommendation over Petitioner's objections. (Doc. 57). For the reasons set forth below, Petitioner's motion is denied.

### STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not explicitly authorize motions for reconsideration. However, "[u]nder Rule 59(e), a party can move to 'alter or amend a judgment' " for any one of four reasons: "(1) there was 'a clear error of law' in the judgment, (2) the movant has 'newly discovered evidence,' (3) there has been an 'intervening change in controlling law,' or (4) the alteration or amendment is needed 'to prevent manifest injustice.'" *Cont'l Cas. Co. v. Indian Head Indus.*, 941 F.3d 828, 833 (6th Cir. 2019) (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)).

A motion under Rule 59(e) is not to be used as a mechanism to relitigate a case, *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); *see also Jones v. Natural Essentials, Inc.*, 740 F. App'x 489, 494 (6th Cir. 2018) ("Rule 59(e) does not exist to provide an unhappy litigant an opportunity to relitigate issues the court has already considered and rejected."), nor should it be used as a means to raise new legal arguments that could have been raised prior to the entry of judgment, *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 (2008).

### DISCUSSION

"[R]econsideration motions cannot be used as an opportunity to re-argue a case." *See Bank of Ann Arbor v. Everest Nat'l Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014).

Although Petitioner's motion makes reference to "manifest injustice" and a "clear error of law", the Court finds that Petitioner's arguments in the motion re-argue his claims and simply present disagreement with how this Court resolved those claims. Because a Rule 59(e) motion is an "extraordinary remedy" that "should be granted sparingly," *Am. Textile Mfrs. Inst., Inc. v. The Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1997), the Court uses its "informed discretion" and finds that reconsideration of this matter would be inappropriate, *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982).

The "proper recourse" for Petitioner to present these disagreements with the Court's determination is an appeal to the United States Court of Appeals for the Sixth Circuit. *McConocha v. Blue Cross and Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (where a movant "views the law in a light contrary to that of this Court," his "proper recourse" is not by way of a motion for reconsideration "but appeal to the Sixth Circuit.") (quoting *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991)).

**CONCLUSION**

For the foregoing reasons, good cause appearing, it is

ORDERED that Petitioner's Motion for Reconsideration (Doc. 57) be, and the same hereby is, DENIED; and it is

FURTHER ORDERED that, because Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, no certificate of appealability shall issue. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Rule 11 of Rules Governing § 2254 Cases. And the Court

FURTHER CERTIFIES that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

       s/ *James R. Knepp II*
       UNITED STATES DISTRICT JUDGE

Dated: August 21, 2025